# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMEY ROLLINS ) | CASE NO. |
| 909 North Main Street ) | |
| Bellefontaine, Ohio 43311, ) | JUDGE: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR DAMAGES** |
| ) | **AND INJUNCTIVE RELIEF** |
| CEVA LOGISTICS U.S., INC. ) | |
| 26230 Stokes Road ) | **JURY DEMAND ENDORSED** |
| East Liberty, Ohio 43319 ) | **HEREIN** |
| ) | |
| **Serve Also:** ) | |
| CEVA Logistics U.S., Inc. ) | |
| Corporation Service Company ) | |
| 50 West Broad Street, Suite 1330 ) | |
| Columbus, Ohio 43215 ) | |
| ) | |
| -and- ) | |
| ) | |
| MATT EVANS ) | |
| 26230 Stokes Road ) | |
| East Liberty, Ohio 43319, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Jamey Rollins, by and through undersigned counsel, as his Complaint against Defendants CEVA Logistics U.S., Inc. ("CEVA") and Matt Evans, states and avers the following:

## PARTIES AND VENUE

1. Rollins is a resident of the city of Bellefontaine, Logan County, Ohio.

2. At all times herein, Rollins was acting in the course and scope of his employment.

3. CEVA is a foreign corporation that does business at 26230 Stokes Road, East Liberty, Logan County, Ohio 43319 ("East Liberty Location").

4. CEVA is and, at all times herein, was an employer within the meaning of 29 U.S.C. § 2601 *et seq.*

5. Evans is a resident of the state of Ohio.

6. At all times herein, Evans was acting in the course and scope of his employment.

7. Evans is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at CEVA and who acted directly or indirectly in the interest of CEVA in relation to its employees.

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Rollins is alleging a Federal Law Claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

9. All material events alleged in this Complaint occurred in Logan County, Ohio.

10. This Court has supplemental jurisdiction over Rollins's state law claims pursuant to 28 U.S.C. § 1367 as Rollins's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Within two years of the conduct alleged below, Rollins filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"), Charge No. DAYB6(29821)09232021 against CEVA ("Rollins OCRC Charge").

13. Upon receipt of the Notice of Right to Sue from the OCRC, Rollins intends to amend this Complaint to include claims of age discrimination, disability discrimination, and retaliation under R.C. § 4112.01 *et seq.*

## **FACTS**

14. In or about December 2014, Rollins began working for CEVA.

15. Rollins initially worked for CEVA as a temporary worker.

16. In or about January 2015, CEVA made Rollins permanent employee.

17. Most recently, CEVA employed Rollins as a team lead.

18. CEVA was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

19. As of January 2016, Rollins was employed by CEVA for at least 12 months and had at least 1,250 hours of service with CEVA and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

20. Rollins has chronic obstructive pulmonary disease ("COPD").

21. COPD is a disorder characterized by constriction of the airways and difficulty or discomfort in breathing.

22. COPD is a physical impairment.

23. COPD significantly limits Rollins in one or more major life activities, including breathing.

24. Rollins has a record of physical impairment.

25. Because of Rollins's COPD, CEVA perceived Rollins as disabled.

26. COPD is a serious medical condition within the meaning of FMLA.

27. As of the filing of this Complaint, Rollins is 50 years old.

28. Rollins was one of the oldest employees in his department.

29. Because of Rollins's COPD, he sometimes coughs or wheezes.

30. Rollins's coworkers occasionally made jokes at Rollins's expense relating to his COPD, such as "You're not going to die on me, are you?"

31. Rollins's coworkers did not make such jokes at the expense of non-disabled or younger employees.

32. In or about late 2017, Rollins suffered a back injury in a car accident ("Injury").

33. Because of the Injury, Rollins was limited in his ability to sit for extended periods of time.

34. Because of the Injury, Rollins requested not to have to sit in a forklift for more than four hours at a time ("Accommodation Request").

35. Rollins's Injury is a physical impairment.

36. Rollins's Injury significantly limits him in one or more major life activities, including sitting.

37. Rollins has a record of physical impairment.

38. Because of Rollins's Injury, CEVA perceived Rollins as disabled.

39. Rollins's Accommodation Request was reasonable.

40. CEVA was able to grant the Accommodation Request without undue burden on the company.

41. CEVA granted the Accommodation Request.

42. In or about the autumn of 2018, CEVA promoted Rollins to team lead ("Promotion").

43. After the Promotion, CEVA began to require Rollins to sit in a forklift for more than four hours at a time.

44. In or about the spring of 2019, Operations Manager Matt Evans returned to work after an extended leave.

45. Evans was not involved in the decision to hire Rollins.

46. Evans was not involved in the decision to promote Rollins.

47. After Evans returned from leave, he treated Rollins unfavorably compared to Rollins's similarly-situated younger and non-disabled coworkers ("Disparate Treatment").

48. Among the Disparate Treatment, Evans reprimanded Rollins for productivity.

49. Evans did not reprimand similarly-situated younger and non-disabled team leads who had lower productivity.

50. In or about 2019, Rollins complained to Evans that CEVA was requiring him to sit in a forklift for more than four hours at a time.

51. In or about 2019, Rollins complained to Richard Griggs that CEVA was requiring him to sit in a forklift for more than four hours at a time.

52. Griggs was Rollins's supervisor.

53. Griggs was not involved in the decision to hire Rollins.

54. Griggs was not involved in the decision to promote Rollins.

55. Rollins complained more than 20 times that CEVA was requiring him to sit in a forklift for more than four hours at a time.

56. Rollins opposed disability discrimination.

57. In or about December 2019, Rollins told Evans that his Injury was getting worse and that he may need back surgery soon.

58. In or about December 2019, Rollins told Griggs that his Injury was getting worse and that he may need back surgery soon.

59. In or about December 2019, Rollins was eligible for FMLA leave.

60. On or about January 24, 2020, CEVA terminated Griggs's employment ("Termination").

61. On or about January 24, 2020, Evans told Rollins about the Termination ("Termination Meeting").

62. At the Termination Meeting, Evans stated that the reason for the Termination was that Rollins stored empty containers in a trailer ("Stated Reason").

63. At the Termination Meeting, Evans alleged that storing empty containers in a trailer was a safety violation.

64. Storing empty containers in a trailer is not a safety violation.

65. Storing empty containers in a trailer does not create any safety hazard.

66. Rollins did not violate any company policies by storing empty containers in a trailer.

67. CEVA did not terminate other employees for storing empty containers in a trailer.

68. The Stated Reason was not the real reason for the Termination.

69. The Stated Reason was not a sufficient basis to justify the Termination.

70. The Stated Reason was pretextual.

71. CEVA has a progressive disciplinary policy ("Discipline Policy").

72. A verbal warning is the lowest level of discipline in the Discipline Policy.

73. Rollins did not receive a verbal warning before the Termination.

74. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

75. Rollins did not receive a written warning before the Termination.

76. A termination is the highest level of discipline in the Discipline Policy.

77. CEVA knowingly skipped progressive disciplinary steps in terminating Rollins.

78. CEVA knowingly terminated Rollins's employment.

79. CEVA knowingly took an adverse employment action against Rollins.

80. CEVA knowingly took an adverse action against Rollins.

81. CEVA intentionally skipped progressive disciplinary steps in terminating Rollins.

82. CEVA intentionally terminated Rollins's employment.

83. CEVA intentionally took an adverse employment action against Rollins.

84. CEVA intentionally took an adverse action against Rollins.

85. CEVA knew that skipping progressive disciplinary steps in terminating Rollins would cause Rollins harm, including economic harm.

86. CEVA knew that terminating Rollins would cause Rollins harm, including economic harm.

87. CEVA willfully skipped progressive disciplinary steps in terminating Rollins.

88. CEVA willfully terminated Rollins's employment.

89. CEVA willfully took an adverse employment action against Rollins.

90. CEVA willfully took an adverse action against Rollins.

91. On or about January 24, 2020, Defendants terminated Rollins's employment in order to interfere with his use of qualified FMLA leave.

92. On or about January 24, 2020, Defendants terminated Rollins's employment because of his age.

93. On or about January 24, 2020, Defendants terminated Rollins's employment because of his disability.

94. On or about January 24, 2020, Defendants terminated Rollins's employment because of his perceived disability.

95. On or about January 24, 2020, Defendants terminated Rollins's employment in retaliation for his opposing discrimination.

96. As a direct and proximate result of Defendants' conduct, Rollins suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

### (All Defendants)

97. Rollins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

99. CEVA is a covered employer under FMLA.

100. During his employment, Rollins qualified for FMLA leave.

101. During his employment, Rollins informed Defendants that he was likely to need surgery soon.

102. During his employment, Rollins informed Defendants that he was likely to need to use FMLA leave soon.

103. During his employment, Rollins attempted to request FMLA leave by asking Defendants if he qualified to take FMLA leave.

104. Defendants failed to advise Rollins of his rights under FMLA.

105. Defendants unlawfully interfered with Rollins's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

106. As a direct and proximate result of Defendants' conduct, Rollins is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Rollins respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring CEVA to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring CEVA to restore Rollins to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Rollins for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Rollins claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Jamey Rollins*

## JURY DEMAND

Plaintiff Rollins demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)